IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TODD WORKMAN and METALUX, }
INC., }
                              }
    Plaintiffs,          }   CIVIL ACTION NO.
                              }
v.                            }   CV-00-AR-2649-S
                              }
NASSAU RESEARCH CORPORATION }
and RICK DAVIS, }
                              }
    Defendants.         }

**ENTERED** OCT 24 2000

## MEMORANDUM OPINION

The court has for consideration as the first item on its agenda in this case, a motion by plaintiffs, Todd Workman ("Workman") and Metalux, Inc. ("Metalux"), to remand the case to the Circuit Court of Shelby County, Alabama, from whence it was removed by defendants, Nassau Research Corporation ("Nassau") and Rick Davis ("Davis"). The second and third items on the agenda are motions to dismiss filed by defendants, each containing an alternative motion to transfer to New Jersey, based on a forum selection clause appearing in the contract upon which plaintiffs rely.

The court finds the removal to have been proper. It is based on 28 U.S.C. §1332. The parties are diverse, and the jurisdictional amount is clearly present. After *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3rd 1287 (11th Cir. 2000), the post-removal device of plaintiff's unequivocally lowering the *ab damnum* to a figure below $75,000 is no longer available. In



other words, the opportunity previously presented by *Bailey v. Wal-Mart, Inc.*, 981 F. Supp. 1415 (N.D.Ala.1997), has been wiped out.

The forum selection clause upon which defendants rely provides:

> Disputes - This Agreement shall be governed by the laws of this State of New Jersey and the forum for the determination of the rights of either party pursuant to this Agreement shall be the courts of the State of New Jersey.

Not only does this language designate as the only forum the "courts of the State of New Jersey", as distinguished from **federal** courts in the State of New Jersey, but from the record it appears that the defendants in this case chose a **state** court in New Jersey in which to "beat the plaintiffs to the courthouse". Having learned the hard way, this court agrees that this forum selection clause governs the venue choice in this case. See *Stewart Organization, Inc. v. Ricoh Corp*, 779 F.2d 643 (11th Cir.1986); *Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir.1987) (en banc); *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Stewart Organization, Inc. v. Ricoh Corp.*, 696 F. Supp. 583 (N.D.Ala.1988); *In re Ricoh Corporation*, 870 F.2d 570 (11th Cir.1989); *Stewart Organization, Inc. V. Ricoh Corp.*, 713 F. Supp. 1419 (N.D.Ala.1989); and *Stewart v. Dean-Michaels Corp.*, 816 F.Supp. 1400 (N.D.Ala.1989).

Because forum selection clauses are binding on parties in privity with the actual signatories where the respective rights of the non-signatories are inexorably intertwined with those of the

signatories, Metalux and Davis, although neither is a signatory to the contract, are swept along to New Jersey. But to what court in New Jersey? Defendants seek a transfer to the United States District Court for the District of New Jersey. If, within ten (10) days, plaintiffs concede jurisdiction and venue in the United States District Court for New Jersey, the case will be transferred to that court, a court to which this court has the power to transfer. If plaintiffs do not so concede, the action will be dismissed without prejudice to plaintiffs' right to sue in a New Jersey state court, a court to which this court does not have the power to transfer.

A separate order denying the motion to remand will be entered. The motions to dismiss or to transfer will be deferred.

DONE this 23rd day of October, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE